**AFFIRM; and Opinion Filed March 27, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-01198-CR
No. 05-14-01199-CR

**KEITH RUPERT PETEET, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F13-00371-L, F13-00372-L**

## MEMORANDUM OPINION

Before Justices Bridges, Fillmore, and Brown
Opinion by Justice Brown

Keith Rupert Peteet appeals his convictions, following adjudication of his guilt, for two offenses of injury to a child. In a single issue, appellant contends the trial court lacked jurisdiction to hear the cases and render judgments. We affirm the trial court's judgment adjudicating guilt.

Appellant waived a jury and his right to have a grand jury return an indictment, pleaded guilty to informations alleging two injury to a child offenses, and pleaded true to two enhancement paragraphs contained in each information. *See* TEX. PENAL CODE ANN. § 22.04(a) (West Supp. 2014). Pursuant to plea agreements, the trial court deferred adjudication of guilt,

placed appellant on seven years' community supervision, and assessed a $2,000 fine in each case. The State later moved to adjudicate guilt, alleging appellant violated the terms of his community supervision. Appellant pleaded true to the allegations in a hearing on the motions. The trial court found the allegations true, adjudicated appellant guilty of injury to a child, and assessed punishment at twenty-five years' imprisonment in each case.

Appellant contends the trial court lacked jurisdiction to hear the cases and render judgments because the cases were not transferred to its docket. Appellant argues the cases were presented to the Criminal District Court No. 7, and there was no order transferring the cases from the Criminal District Court No. 7 to Criminal District Court No. 5 where the cases were heard and the judgments rendered. The State responds that the trial court always had jurisdiction over these cases; therefore, no transfer order was necessary. We agree with the State.

The record shows the Criminal District Court No. 5 obtained jurisdiction over these cases when appellant waived his right to an indictment and was tried on informations with supporting affidavits filed in Criminal District Court No. 5. *See Ex Parte Long*, 910 S.W.2d 485, 486–87 (Tex. Crim. App. 1995). Even when a transfer order is required, its absence from the record is a procedural error rather than jurisdictional error. *See Mills v. State,* 742 S.W.2d 831, 834–35 (Tex. App.—Dallas 1987, no pet.). The absence of a transfer order merely subjects the transferee court to a timely plea to the jurisdiction; it does not render actions of the transferee court void. *Mills,* 742 S.W.2d at 835. If no timely plea to the jurisdiction is filed in the trial court, appellant waives the right to complain about the lack of a transfer order on appeal. *See Mills,* 742 S.W.2d at 835.

Because appellant did not file a plea to the jurisdiction in the trial court, he has waived his complaint about the lack of a transfer order. *See Mills,* 742 S.W.2d at 835. We therefore resolve this issue against appellant.

We affirm the trial court's judgments.

/Ada Brown/

ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

141198F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH RUPERT PETEET, Appellant

No. 05-14-01198-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 5 of Dallas County, Texas (Tr.Ct.No. F13-00371-L).
Opinion delivered by Justice Brown, Justices Bridges and Fillmore participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **AFFIRMED**.

Judgment entered March 27, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KEITH RUPERT PETEET, Appellant

No. 05-14-01199-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F13-00372-L).
Opinion delivered by Justice Brown,
Justices Bridges and Fillmore participating.


Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **AFFIRMED**.


Judgment entered March 27, 2015.